Robert P. Goe – State Bar No. 137019
Charity J. Miller – State Bar No. 286581
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
cmiller@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Debtor and Debtor in Possession
Beach Dans, Inc.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>BEACH DANS, INC.,<br><br>        Debtor and Debtor in<br>        Possession. | Case No. 2:17-bk-22786-ER<br><br>Chapter 11 Proceeding<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER (1) APPROVING SALE OF BUSINESS PURSUANT TO § 363(b), (2) APPROVING SALE FREE AND CLEAR OF LIENS PURSUANT § 363(f)(4), (3) FINDING BUYER TO BE A GOOD FAITH PURCHASER PURSUANT TO § 363(m), AND (4) WAIVING OF RULE 6004(h) 14-DAY STAY**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF PETER YOON, ROBERT P. GOE, AND MOHAMMED HAQUE IN SUPPORT THEREOF**<br><br>**Hearing**<br>Date:        December 5, 2017<br>Time:       10:00 a.m.<br>Place:      Courtroom 1568<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY**

**JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST**:

1       Beach Dans, Inc. ("Debtor"), hereby moves for an order approving the sale of the business,

2   consisting of the leasehold improvements, furniture, fixtures, equipment, smallwares, utensils,

3   uniforms, dinnerware, software, and franchise license associated with said business ("Business")

4   for Denny's #7211 restaurant located at 601 Long Beach Blvd., Long Beach, CA 90802

5   ("Restaurant") to Mohammed Haque or his assigns (the "Buyer") for the amount of $700,000 plus

6   inventory estimated at approximately $12,000 ("Sale").  The Sale is memorialized by the Purchase

7   Contract dated November 3, 2017 ("Contract").  A true and correct copy of the Contract is

8   attached to the Declaration of Peter Yoon ("Yoon Declaration") as **Exhibit "1"**.

9       The Sale is of the Business only and Buyer will obtain its own leases for the Restaurant

10   and parking lot and its own Denny's franchise agreement with DFO, LLC ("DFO"), which are a

11   contingency to the sale along with Buyer obtaining financing.  Debtor is currently a subtenant of

12   Denny's, Inc. ("Denny's").

13       The Sale shall be subject to overbidding during the hearing on this Motion (the "Auction").

14   All potential overbidders must demonstrate to the Debtor's satisfaction prior to the hearing that

15   they have sufficient funds on hand to immediately close the Sale upon winning the Auction.  The

16   minimum initial overbid shall be $725,000.  Subsequent overbids shall be in increments no less

17   than $1,000.  A $50,000 deposit is required to be paid to Debtor two days prior to hearing.  The

18   Debtor seeks approval of the Sale pursuant to 11 U.S.C. § 363(b)(f) and (m).

19       The Business is encumbered by a lien of the Employment Development Department

20   ("EDD") in the approximate amount of $11,000, which will be paid through escrow.  The

21   Business is also encumbered by four (4) disputed liens held by (i) United Community Bank

22   ("UCB"),(ii) Denfood #2, Inc. ("Denfood"), (iii) National Franchise Sales ("NFS"), and (iv)

23   Meadowbrook Meat Company ("Meadowbrook").  A true and correct of the UCC-1 lien search is

24   attached to the Yoon Declaration as **Exhibit "2"**.  By this Motion, the Debtor seeks approval to

25   sell the Business free and clear of the liens, which are subject to a bona fide dispute, pursuant to

26   11 U.S.C. § 363(f)(4).

27       The Debtor requests a determination that the Buyer is a good faith purchaser pursuant to

28   11 U.S.C. § 363(m).  The Buyer has no relation to the Debtor and is not a creditor of the

1   bankruptcy estate.  The Sale is an arm's length transaction and there is no allegation or evidence

2   that the Buyer has engaged in fraud, collusion, or attempted to take grossly unfair advantage of

3   other bidders.  Moreover, only the Business is being sold and Buyer is required to obtain its own

4   leases for the Restaurant and parking lot, and its own Denny's franchise agreement with DFO.

5          The Debtor also requests a waiver of the 14-day stay pursuant to Bankruptcy Rule 6004(h),

6   absent any objection to the Motion, so that the parties may quickly close the sale.

7           Any response to this Motion must be filed and served no later than 14 days prior to the

8   hearing on this Motion.  See Local Bankruptcy Rule (LBR) 9013-1(f).  Failure to timely file a

9   response to the Motion may be deemed as your consent to the granting of the relief requested in

10  the Motion.  See LBR 9013-1(h).

11  Dated: November 10, 2017                    Respectfully submitted by:

12                                              **GOE & FORSYTHE, LLP**

13

14                                              By: /s/Robert P. Goe

15                                                  Robert P. Goe, Attorneys
                                                    for BEACH DANS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

I.    **STATEMENT OF FACTS**

    A.    **Debtor's Business Acquisition and Proposed Sale to Buyer**

    Debtor operates the Restaurant.  Debtor was threatened by its franchisor, DFO, that its franchise would be terminated, and by its lessor, Denny's, that its lease would be terminated, thus necessitating this bankruptcy case.  DFO/Denny's has filed a stay motion to terminate Debtor as a Denny's and presumably to evict Debtor.  By this Motion, Debtor intends to promptly sell the Business with approval of the Court.

    Debtor acquired the Restaurant in February 2015 from Kuljeet and Manmeet Nijjar ("Nijjars") who were in a distressed situation needing to sell.  The Nijjars had little time left on their Franchise Agreement with DFO dated December 29, 1998, that terminates February 1, 2019 ("FA").  As part of the acquisition, DFO, Debtor and Nijjars entered the Consent to Assignment of Franchise Agreement Dated February 5, 2015.  Pursuant to the Contract, Buyer is to obtain his own franchise agreement with DFO, which should not be an issue.  Debtor's counsel Mr. Goe advised Denny's counsel of the proposed Sale to Mr. Haque, and in response Denny's counsel stated "Rob, per our clients, DFO, LLC and Denny's, Inc., Mr. Mohammed Hague (*sic*) is approved for expansion generally, however, Mr. Hague (*sic*) would have to go through their approval process before a final and specific determination can be made."  A true and correct copy of the November 2, 2017 email from Cathy Ta to Robert Goe is attached to the Goe Declaration as **Exhibit "5"**.

    Denny's is the master tenant for the Restaurant, which has two master landlords for the building and parking lot.  Denny's had entered a Sublease Agreement Dated December 29, 1998 with the Nijjars, which also has little time left and expires March 31, 2018, with no options to renew ("Sublease").  As part of the acquisition, Denny's, Debtor and Nijjars entered the Consent to Assignment of Sublease Agreement Dated February 5, 2015.  Pursuant to the Contract, Buyer is to obtain his own leases.

    Debtor's acquisition price for the Restaurant was $1,500,000, of which $425,000 was paid, and the Nijjars carried back $1,075,000 through their entity, Denfood, in two notes of

$1,000,000 which was retained, and $75,000, which was assigned to National Franchise Sales, Inc. ("NFS") for its commission.  A true and correct copy of the Denfood $1,000,000 Commercial Promissory Note + Security Agreement ("Denfood Note") is attached to the Yoon Declaration as **Exhibit "3"**, and the NFS $75,000 Commercial Promissory Note + Security Agreement ("NFS Note") is attached to the Yoon Declaration as **Exhibit "4"**.  Denfood and NFS also filed Financing Statements on March 5, 2015.

The Denfood Note and NFS Note are identical, except for the dollar amount.  Due to the very short time remaining on the FA and Sublease that greatly diminishes the value of the Restaurant, the Denfood Note and NFS Note contain a very important provision in paragraph 1 set out in bold:

> **"In the event no additional lease term is obtained, the entire balance of the note is forgiven."**

Pre-petition Denny's and DFO notified Debtor that neither the Sublease nor the FA would be extended, which is further evidenced by its filing the stay motion to terminate Debtor's FA and evict Debtor.  Therefore, nothing will be owed to Denfood nor NFS.  The other disputed lien holders are Meadowbrook, which is owed nothing, and UCB, which has a disputed lien that cross-collateralizes Mr. Yoon's purchase of 2 Jiffy Lube Franchises and UCB is not owed anything by Debtor.

By this Motion, the Debtor requests the Court (i) approve the Sale of the Business pursuant to § 363(b), (ii) approve the Sale free and clear of liens pursuant to § 363(f)(4), (iii) finding Buyer is a good faith purchaser within the meaning of § 363(m), and (iv) waive the 14-day stay pursuant to Rule 6004(h).

## II.    ARGUMENT

### A.    The Sale Should Be Approved Pursuant to 11 U.S.C. § 363(b)

Section 363(b) of the Bankruptcy Code provides that after a notice and a hearing, a trustee or debtor in possession may sell property of the estate outside the ordinary course of business. 11 U.S.C. §§ 363(b), 1107(a). "The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances. The requirement of a notice and hearing operates

to provide both a means of objecting and a method for attracting interest by potential purchasers."

*In re Lahijani*, 325 B.R. 282, 288-289 (B.A.P. 9th Cir. 2005). To this end, courts have long

recognized the benefits of competitive bidding at hearings on private sales. "Competitive bidding

yields higher offers and thus benefits the estate. Therefore, the objective is 'to maximize bidding,

not restrict it.'"  *In re Atlanta Packaging Products, Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988).

In determining whether to approve a proposed sale under section 363, courts generally

apply standards that, although stated various ways, represent essentially a business judgment test.

3-363 Collier on Bankruptcy ¶ 363.02[4]. "Ordinarily, the position of the trustee is afforded

deference, particularly where business judgment is entailed in the analysis or where there is no

objection." *Lahijani*, 325 B.R. at 289. The bankruptcy court reviews the trustee's business

judgment only "to determine independently whether the judgment is a reasonable one. The court

should not substitute its judgment for the trustee's but should determine only whether the trustee's

judgment was reasonable and whether a sound business justification exists supporting the sale and

its terms." 3-363 Collier on Bankruptcy ¶ 363.02[4].

The Sale is clearly an exercise of Debtor's sound business judgment, as it will bring

$700,000 into the estate, while, in contrast, if DFO terminates the FA and tries to shut down

Debtor's Restaurant, creditors will get nothing.

Moreover, Debtor was careful to choose the Buyer who is already a Denny's franchisee

and will just have to go through the normal process to obtain a new franchise agreement for the

Restaurant as part of the Sale process.

**B.      The Sale Should Be Approved Free and Clear of Liens Pursuant to 11 U.S.C. §
363(f)(4)**

A sale may proceed free and clear of liens or interest if they are in bona fide
dispute.  The trustee has the burden of demonstrating that a bona fide dispute
exists.  To meet this burden the trustee must establish that there is an objective
basis for either a factual or legal dispute as to the validity of the debt.  The court
is not required to resolve the underlying dispute as a condition to authorizing the
sale under this provision, but must determine that it exists.  (*footnotes omitted.*)

*See* 363 Collier on Bankruptcy, p. 363.06.

The Debtor requests the Court approve the Sale free and clear of the liens of Denfood, NFS, UCB and Meadowbrook pursuant to § 363(f)(4).

As discussed above, nothing is owed to Denfood or NFS as Debtor could not obtain an extension of its leases for the Restaurant and parking lot.  Denny's is Debtor's landlord and is seeking stay relief as is DFO, Debtor's franchisor.  Also, as noted in Denny's/DFO stay motion, they attempted to terminate the FA pre-petition and shut down Debtor's ability to operate the Restaurant as a Denny's.  Thus, nothing is owed to Denfood or NFS.

Concerning the UCB lien, it was given by Mr. Yoon as part of his acquisition of 2 Jiffy Lube franchises, and no consideration was provided to Debtor.  If necessary, Debtor will file an action under Section 548 to avoid the UCB lien based on, among other things, lack of reasonably equivalent.

Finally, Meadowbrook is not owed any money.

In sum, the EDD lien will be paid in full through escrow and all other filed liens will be sold free and clear as being subject to a bona fide dispute.

### C.    The Buyer is a Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m)

Section 363(m) provides that a purchaser of property of the estate is protected from the effects of a reversal or modification on appeal of the authorization to sell as long as the purchaser acted in good faith and the appellant failed to obtain a stay of the sale.  The Code does not defined "good faith."  Courts have adopted various definitions.  A good faith purchaser is "one who buys property . . . for value, without knowledge or adverse claims." *In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993).  "Typically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Ewell*, 958 F.2d 276, 279 (9th Cir. 1992).

Here, the Buyer a third party with no relationship to Debtor, or any creditor of this bankruptcy estate other than being an existing Denny's franchisee.  The offer to purchase from the Buyer is the best offer received by the Debtor.  The Sale is subject to overbidding at the hearing on this Motion.  The Debtor is not aware of any allegations or facts that would indicate the Buyer

1  engaged in fraud, collusion, or attempted to take grossly unfair advantage of other bidders.

2  Accordingly, the Court should find that the Buyer is a good faith purchaser pursuant to 11 U.S.C.

3  § 363(m).

4       **D.**    **The Court Should Waive the 14-Day Stay in Bankruptcy Rule 6004(h)**

5      Bankruptcy Rule 6004(h) provides that an order authorizing the sale of property is stayed

6  until the expiration of 14 days after entry of the order, unless the court orders otherwise.  Absent

7  any objection to the Motion, the Trustee requests that the 14-day stay be waived so that the parties

8  may quickly close the Sale.

9       **E.**    **Reservation of Section 506(c) Rights**

10      Debtor and its counsel, Goe & Forsythe, LLC, reserves all rights, to surcharge the sale

11  proceeds for their efforts in obtaining approval of the Sale for the benefit of creditors of the estate

12  and by preventing Denny's/DFO from terminating the FA and shutting down the Restaurant.

13  **III.**    **CONCLUSION**

14      Based on the foregoing, the Trustee respectfully requests that the Court enter an order that

15  (i) grants the Motion, (ii) approves the Sale of the Property to Buyer, subject to overbidding,

16  pursuant to 11 U.S.C. § 363(b), (iii) approves the Sale of the Business free and clear of the liens

17  pursuant to 11 U.S.C. § 363(f), (iv) finds the Buyer is a good faith purchaser pursuant to 11 U.S.C.

18  § 363(m), (v) waives the 14-day stay of FRBP 6004(h), and (vi) grants any additional relief

19  deemed just and proper.

20

21  Dated: November 10, 2017           **GOE & FORSYTHE, LLP**

22

23                      By:  /s/Robert P. Goe

24                         Robert P. Goe, Attorneys
                       for BEACH DANS, INC.

25

26

27

28

**DECLARATION OF PETER YOON**

I, Peter Yoon, declare and state:

I am the President of Beach Dans, Inc., Chapter 11 Debtor and Debtor-In-Possession ("Debtor"). I have personal knowledge of the faces alleged herein and if called upon as a witness, I could and would competently testify thereto. I make this declaration in support of Debtor's *Notice of Motion and Motion for Order (1) Approving Sale of Business Pursuant to § 363(b), (2) Approving Sale Free and Clear of Liens Pursuant to § 363(f)(4), (3) Finding Buyer to be a Good Faith Purchaser Pursuant to § 363(m), (4) Waiving of Rule 6004(h) 14-Day Stay* ("Motion"). Terms not otherwise defined herein have the same meanings as they do in the Motion.

1.      Debtor operates the Restaurant. Pre-petition Debtor was threatened by its franchisor, DFO, that its franchise would be terminated, and by its lessor, Denny's, to evict Debtor, thus necessitating this bankruptcy case. DFO/Denny's has filed a stay motion to terminate Debtor as a franchisee and presumably to evict Debtor from the Restaurant.

2.      Debtor is seeking approval of the proposed Sale of the Restaurant's Business, consisting of the leasehold improvements, furniture, fixtures, equipment, smallwares, utensils, uniforms, dinnerware, software, and franchise license associated with said business ("Business") to Mohammed Haque or his assigns (the "Buyer") for the amount of $700,000 plus inventory estimated at approximately $12,000. The Sale is memorialized by the Purchase Contract ("Contract"). A true and correct copy of the Contract is attached hereto as **Exhibit "1"**.

3.      The Sale is of the Business only and Buyer will obtain its own leases for the Restaurant and parking lot and its own Denny's franchise agreement with DFO, which are a contingency to the Sale. Debtor is currently a subtenant of Denny's.

4.      The Sale shall be subject to overbidding during the hearing on this Motion (the "Auction"). All potential overbidders must demonstrate to the Debtor's satisfaction prior to the hearing that they have sufficient funds on hand to immediately close the Sale upon winning the Auction. The minimum initial overbid shall be $725,000. Subsequent overbids shall be in

increments no less than $1,000. A $50,000 deposit is required to be paid to Debtor two days prior to hearing. The Debtor seeks approval of the Sale pursuant to 11 U.S.C. § 363(b)(f) and (m).

5.      The Business is encumbered by a lien of the Employment Development Department ("EDD") in the approximate amount of $11,000, which will be paid through escrow. The Business is also encumbered by four (4) disputed liens held by (i) United Community Bank ("UCB"),(ii) Denfood #2, Inc. ("Denfood"), (iii) National Franchise Sales ("NFS"), and (iv) Meadowbrook Meat Company ("Meadowbrook"). A true and correct of the UCC-1 lien search is attached hereto as **Exhibit "2"**.

6.      Debtor acquired the Restaurant in February 2015 from Kuljeet and Manmeet Nijjar ("Nijjars") who were in a distressed situation needing to sell. The Nijjars had little time left on their Franchise Agreement with DFO dated December 29, 1998, that terminates February 1, 2019 ("FA"). As part of the acquisition, DFO, Debtor and Nijjars entered the Consent to Assignment of Franchise Agreement Dated February 5, 2015.

7.      Denny's, Inc. ("Denny's") is the master tenant for the Restaurant, which has two master landlords for the building and parking lot. Denny's had entered a Sublease Agreement Dated December 29, 1998 with the Nijjars, which also has little time left and expires March 31, 2018, with no options to renew ("Sublease"). As part of the acquisition, Denny's, Debtor and Nijjars entered the Consent to Assignment of Sublease Agreement Dated February 5, 2015. Pursuant to the Contract, Buyer is to obtain his own leases.

8.      Debtor's acquisition price for the Restaurant was $1,500,000, of which $425,000 was paid, and the Nijjars carried back $1,075,000 through their entity, Denfood, in two notes of $1,000,000 which was retained, and $75,000, which was assigned to National Franchise Sales, Inc. ("NFS") for its commission. A true and correct copy of the Denfood $1,000,000 Commercial Promissory Note + Security Agreement ("Denfood Note") is attached hereto as **Exhibit "3"**, and the NFS $75,000 Commercial Promissory Note + Security Agreement ("NFS Note") is attached hereto as **Exhibit "4"**. Denfood and NFS also filed Financing Statements on March 5, 2015.

9.      The Denfood Note and NFS Note are identical, except for the dollar amount. Due to the very short time remaining on the FA and Sublease that greatly diminishes the value of the

1    Restaurant, the Denfood Note and NFS Note contain a very important provision in paragraph 1 set

2    out in bold:

3        **"In the event no additional lease term is obtained, the entire balance of the**

4        **note is forgiven."**

5        10.    Pre-petition Denny's and DFO notified Debtor that neither the Sublease nor the FA

6    would be extended, which is further evidenced by its filing the stay motion to terminate Debtor's

7    FA.  Therefore, nothing will be owed to Denfood nor NFS.  The other disputed lien holders

8    Meadowbrook is owed nothing, and UCB has a disputed lien that cross-collateralizes my purchase

9    of 2 Jiffy Lube Franchises and UCB is not owed anything by Debtor.

10        11.    Debtor requests the Court (i) approve the Sale of the Business pursuant to § 363(b),

11    (ii) approve the Sale free and clear of liens pursuant to § 363(f)(4), (iii) finding Buyer is a good

12    faith purchaser within the meaning of § 363(m), and (iv) waive the 14-day stay pursuant to Rule

13    6004(h).

14        I declare under penalty of perjury and under the laws of the United States of America that

15    the foregoing is true and correct to the best of my knowledge.

16

17

18    Dated: November 9, 2017                                    _____
                                                              Peter Yoon

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF ROBERT P. GOE

2      I, Robert P. Goe, am a partner of Goe & Forsythe, LLP, proposed counsel to Beach Dans,

3  Inc., debtor and debtor in possession herein ("Debtor").  Except where otherwise stated, I have

4  personal knowledge of the facts set forth herein.  Terms not otherwise defined herein have the

5  same meanings as they do in the Motion.

6      1.      I advised Denny's counsel of the proposed Sale to Mr. Haque, and in response

7  Denny's counsel stated "Rob, per our clients, DFO, LLC and Denny's, Inc., Mr. Mohammed

8  Hague (*sic*)  is approved for expansion generally, however, Mr. Hague (*sic*) would have to go

9  through their approval process before a final and specific determination can be made."  A true and

10  correct copy of the November 2, 2017 email from Cathy Ta to me is attached hereto as **Exhibit**

11  **"5"**.

12      I declare under penalty of perjury and under the laws of the United States of America that

13  the foregoing is true and correct to the best of my knowledge.

14

15

16  Dated: November 10, 2017                    /s/Robert P. Goe
                                              Robert P. Goe

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MOHAMMED HAQUE

I, Mohammed Haque, declare and state:

1.    I am the proposed buyer (with my assigns) of the Debtors' Business of its Denny's #7211 restaurant located at 601 Long Beach Blvd., Long Beach, California 90802 ("Restaurant"),

2.    I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.  I make this declaration in support of the Debtor's *Notice of Motion and Motion for Order (1) Approving Sale of Business Pursuant to § 363(b), (2) Approving Sale Free and Clear of Liens Pursuant to § 363(f)(4), (3) Finding Buyer to be a Good Faith Purchaser Pursuant to § 363(m), (4) Waiving of Rule 6004(h) 14-Day Stay* ("Motion").

3.    On November 3, 2017, I made this offer to buy the Business, which consists of the leasehold improvements, furniture, fixtures, equipment, smallwares, utensils, uniforms, dinnerware, software, and franchise license associated with said business and entered into the *Purchase Contract* ("Contract") (**Exhibit "1"**) hereto) with the Debtor, Beach Dans, Inc., to buy the Business, and am obtaining my own leases of the Restaurant and parking lot and my own franchise agreement with DFO, which are contingencies to the Sale, along with obtaining financing.

4.    The purchase and sale transaction reflected in the Contract is an "arm's length transaction".  Neither I, nor any family member or business associate, has any connection with the Debtors or their creditors, other than entering this Contract, and I am a current Denny's franchisee.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: November 9, 2017

Mohammed Haque

# EXHIBIT 1

# EXHIBIT 1

## PURCHASE CONTRACT

Date: November 3, 2017

Business known as **Denny's** located at:

| Store# | Address |
|--------|---------|
| # 7211 | 601 N. Long Beach Blvd., Long Beach CA 90802 |

This Purchase Contract ("Contract") is made effective the _____ day of November 2017, by and between Beach Dans, Inc. (the "Seller") and Mohammad Haque, or its assignee (the "Buyer").

Buyer is to take possession at the time that ownership is transferred to Buyer ("Closing"). Personal property taxes, real property taxes, CAM (if applicable), utilities, and rent are to be prorated to the closing. Buyer agrees to pay sales tax on the furniture, fixtures, equipment, and dinnerware, in the legal amount, and to equally share the escrow and/or title charges with the Seller.

### Recitals

A.  Seller owns and operates a restaurant DBA Denny's (the "Business") located at 601 N Long Beach Blvd., Long Beach CA

B.  Seller filed a Chapter 11 Bankruptcy on October 18, 2017 and will sell the Business assets according to terms of the Contract approved by the Bankruptcy Court

THEREFORE, for good and valuable consideration, the adequacy and receipt of which the parties hereby acknowledge, the parties agree as follows:

1.  **Purchase and Sale.** The Undersigned hereby agrees to purchase, as stated, the Business together with the leasehold improvements, furniture, fixtures, equipment, smallwares, utensils, uniforms, dinnerware, software, and franchise license associated with said Business ("Personal Property")

2.  **Purchase Price and Payment**
    2.1. **Purchase Price.** The Purchase Price shall be $700,000 (the "Purchase Price").
    2.2. **Escrow Opening and Deposit.** Upon approval of The Contract by Bankruptcy Court, Seller & Buyer will open the Escrow within 3 days of such approval.  Buyer will make an escrow deposit of $30,000
    2.3. **At the Closing.** Buyer shall pay the remaining Purchase Price balance of $670,000 in cash
    2.4. In addition to the purchase price, Buyer shall also pay, in cash, at Closing, for all inventory, to be determined by a physical count of the day of Closing, with an estimated price of $12,000.  Such inventory will be purchased at Seller's wholesale cost. Payment for Inventory is to be cash through escrow or Title Company.
    2.5. **Purchase Price Allocation.** At Closing, the parties may agree to an allocation of Purchase Price. In this regard, the parties shall agree to a reasonable allocation

3.  **Seller's Representations and Warranties.**  Seller and Seller's Shareholders jointly and severely, warrant and represent to Buyer that, to the best of their actual knowledge, the following are true and correct on the date of this Agreement:
    3.1 **Organization.**  Seller is doing business as a corporation organized under the laws of the State of California

3.2. **Authority**. Seller and Seller's Shareholders have taken all necessary action to approve, and have duly approved, the execution and delivery of this Contract and the consummation of the transaction contemplated by this Contract, and has authorized its officers to take all action and to execute, acknowledge, and deliver all documents reasonable necessary or desirable to consummated the transactions contemplated by this Contract

3.3. Seller shall inform the Buyer and obtain Buyer's consent before entering into any contract which would obligate the Buyer beyond Closing. Seller shall also inform the Buyer (prior to Closing) of any material changes to the Business occurred after the date of this Contract that will affect the Buyer after Closing

3.4. Seller warrants that all necessary approvals, consents and clearances from taxing authorities or provide indemnity to the Buyer in a manner acceptable to the Buyer

3.5. **Transfer; Bill of Sale**. Seller shall deliver a good and valid Bill of Sale for the above Business and the Personal Property to the Buyer at the Closing. Seller by Bill of Sale or the other assignment, in form mutually agreed upon, will convey and transfer to Buyer good and marketable title to the assets, free and clear of all un-assumed liens, claims and other encumbrances

3.6. **Provision for Unpaid Taxes and Assessments**.  There are no real estate taxes or other recorded or unrecorded assessments of any kind affecting the Business or the Personal Property, which will not have been fully paid as of the date of Closing. Seller warrants that all necessary approvals, consents and clearances from taxing authorities or provide indemnity to the Buyer in a manner acceptable to the Buyer

3.7. **Permits & Approvals**. Seller warrants that the store location now, and the time of Closing, will have all permits and approvals required by all governmental or regulatory agencies to own and operate a full-service restaurant facilities, including the local fire and health departments and the relevant federal, state and local agencies.

4. **Buyer's Representations and Warranties**. Buyer warrants and represents to Seller that the following are true and correct on the date of this Agreement and will be true and correct at Closing:

   4.1, **Organization**. Buyer is doing business as a limited liability company organized under laws of California

   4.2. **Authority**. Buyer has approved the execution and delivery of this Contract and the consummation of the transaction contemplated by this Contract. Buyer has authorized its officers/managers to take all action and to execute, acknowledge, and deliver all documents reasonable necessary or desirable to consummate the transactions contemplated by this Contract

   4.3 Buyer to obtain financing with terms and conditions acceptable to Buyer

5. **Covenants of the Parties**. After execution of this Agreement and until Closing:

   5.1 **Access/Inspection**. Seller will give Buyer and its counsel and representatives full access to all properties, books, accounts, vendor invoices, tax returns, contracts, agreements and documents relating to the Restaurant, Business Assets and employees

   5.2 **Ordinary Course**. From the date of this Contract to Closing, Seller will conduct the Business in the ordinary course

5.3 **Best Efforts**. Seller will use its best efforts to preserve the Business and Personal Property intact and to preserve goodwill of the business

5.4. **Covenant of Cooperation**. The parties shall execute, acknowledge, and deliver such additional documents and instruments and perform such additional acts as may be necessary or appropriate to effectuate, carry out and perform all of terms, provisions, and conditions of the Contract and the transactions contemplated hereby, and the parties shall cooperate with each other acting in good faith and fair dealing to facilitate, maintain, and carry out the duties and obligations of this Contract

5.7. The Buyer shall be given the right to examine all records of income and expenses of the Business, and this agreement is subject to Buyer's approval thereof

5.8. A list of furniture, fixtures, and equipment is to be approved by Buyer and Seller, and Seller agrees to deliver all furniture and equipment in good working condition at Closing. All furniture, fixtures and equipment to be delivered free of liens and encumbrances at Closing

5.9. Seller to have electrical, plumbing, heating and air conditioning in good working condition at Closing

6. **Conditions and Approvals Required to close the Escrow.**

   6.1. **Bankruptcy Approval**. This Purchase Contract shall be subject to approval by Bankruptcy Court

   6.2. **Franchise Approval**. This Contract shall be subject to approval by Denny's Corporation ("DFO") and Buyer shall obtain a new franchise agreement at Buyer's expense by the Closing

   6.3 **New Lease Approval**. Buyer shall obtain a new long term lease for the restaurant and the parking lot acceptable to the Buyer.

   6.4. **Financing Approval.** Buyer to obtain financing with terms and conditions acceptable to Buyer

7. **Closing.**

   7.1. **Closing Date**: The Closing Date shall be determined upon opening of the Escrow

   7.2. **Deliveries at Closing**. At Closing, the parties shall deliver and exchange the followings:

   7.2.1. Buyer shall deliver the Purchase Price balance for the Business, Personal Property and Inventory

   7.2.2. Seller shall deliver the possession of the Restaurant, Personal Property, and such bills of

    Sale and other instruments respecting the Business Assets

   7.2.3. Seller shall deliver the Restaurant's service records and accounting records

   7.3.4. The parties shall deliver such other documents as are contemplated in herein and as

    Seller or Buyer shall reasonably request in order to carry out the intent, purpose of this

    Contract

   7.3. **Closing Costs and Pro-rations**.  Utilities, taxes and services supplied by third parties and transferred to Buyer hereunder shall be prorated to the extent possible as of the Closing.  Seller and Buyer shall equally split

and pay for all costs of Closing, including escrow fees, recording fees, and similar expenses incidental to the
Closing

---

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first
above written.

SELLER:  BEACH DANS, INC.

Dated:                                        By:

Peter Yoon, President

BUYER:
MOHAMMED HAQUE, or assigns

Dated:                                        By:

Mohammed Haque

# EXHIBIT 2

# EXHIBIT 2



**Search:** Public Records : Uniform Commercial Code Filings
**Terms:** company(Beach Dans Inc.)

| No. | Debtor | Filing | Secured Party |
|---|---|---|---|
| 1 | **BEACH DANS, INC.** | FINANCING STATEMENT | UNITED COMMUNITY BANK |
| | **601 LONG BEACH BLVD** | NUMBER: 177585804409 | 2 W WASHINGTON ST STE 700 |
| | **LONG BEACH, CA 90802-1323** | DATE: 05/16/2017 | GREENVILLE, SC 29601-4889 |
| | | JURISDICTION: CA | |
| 2 | **BEACH DANS, INC.** | STATE TAX LIEN | EMPLOYMENT DEVELOPMENT DEPARTMENT |
| | **601 N LONG BEACH BLVD** | NUMBER: 167554391051 | |
| | **COMPTON, CA 90221-2222** | DATE: 11/04/2016 | PO BOX 826880 |
| | | JURISDICTION: CA | SACRAMENTO, CA 94280-0001 |
| | | ERRONEOUS TERMINATION DATE: 12/20/2016 NUMBER: 1675630464 | |
| 3 | **BEACH DANS, INC.** | FINANCING STATEMENT | NATIONAL FRANCHISE SALES |
| | **25361 PLAYA SERENA DR** | NUMBER: 157453544169 | 1601 DOVE ST STE 150 |
| | **VALENCIA, CA 91381-0679** | DATE: 03/05/2015 | NEWPORT BEACH, CA 92660-1420 |
| | DENNY'S #7211 | JURISDICTION: CA | |
| | 601 LONG BEACH BLVD | | |
| | LONG BEACH, CA 90802-1323 | | |
| 4 | **BEACH DANS, INC.** | FINANCING STATEMENT | DENFOOD 2, INC. |
| | **25361 PLAYA SERENA DR** | NUMBER: 157453544280 | 18904 SECRETARIAT WAY |
| | **VALENCIA, CA 91381-0679** | DATE: 03/05/2015 | YORBA LINDA, CA 92886-2672 |
| | DENNY'S #7211 | JURISDICTION: CA | |
| | 601 LONG BEACH BLVD | | |
| | LONG BEACH, CA 90802-1323 | | |
| 5 | **BEACH DANS, INC.** | FINANCING STATEMENT | MEADOWBROOK MEAT COMPANY, INC. |
| | **25361 PLAYA SERENA DR** | NUMBER: 157450587971 | 2641 MEADOWBROOK RD |
| | **VALENCIA, CA 91381-0679** | DATE: 02/16/2015 | ROCKY MOUNT, NC 27801-9498 |
| | | JURISDICTION: CA | |

Search: Public Records: Uniform Commercial Code Filings
Terms: company(Beach Dans Inc.)
Date/Time: Tuesday, October 10, 2017 3:27 PM
Permissible Use: **DPPA - I have no permissible use**
**GLBA - I have no permissible use**

Copyright © 2017 LexisNexis, a division of Reed Elsevier Inc. All Rights Reserved.

**End of Document**

# EXHIBIT 3

# EXHIBIT 3

# COMMERCIAL PROMISSORY NOTE & SECURITY AGREEMENT

Long Beach, California                                    Date:   February      , 2015

**$1,000,000.00**

FOR VALUE RECEIVED, Beach Dans, Inc., ("Maker"), promises to pay to Denfood #2 Inc. ("Holder"), the principal sum of One Million Dollars and No Cents ($1,000,000.00) in lawful money of the United States of America, on the following terms and conditions:

1.  **PAYMENT:** Monthly payments of principal and interest (at six percent (6%) per annum) amortized over Seven Years in the amount of Fourteen Thousand Six Hundred Eight Dollars and Fifty-five Cents ($14,608.55) or more per month, are to be paid on the _____ day of every month beginning thirty days after Maker, or any successor to Maker, or affiliate of Maker has secured and executed additional lease term of any length for the Denny's restaurant located at 601 Long Beach Blvd., Long Beach, CA  90802.

     **Interest does not accrue until additional lease term is obtained.  In the event no additional lease term is obtained, the entire balance of the note is forgiven.**

     **In the event additional lease term is obtained but the Denny's is permanently closed for business prior to the note being paid in full, the principal balance and unearned interest of the note as of the closing date  is forgiven.**

2.  **RIGHT OF PREPAYMENT.**  Maker shall have the right to prepay the unpaid principal in whole or in part at any time without penalty.

3.  **NOTICES.**  All notices, demands, requests, consents, approvals, and other instruments required or permitted to be given pursuant to the terms of the Promissory Note or the security agreement(s) or document(s) securing this Promissory Note shall be in writing and shall be deemed to have been properly given if sent by registered or certified mail, postage prepaid, return receipt requested, to the address set forth below:

     A. TO MAKER:        c/o David Chang
                         Beach Dans, Inc.
                         25361 Playa Serena Dr.
                         Valencia, CA  91381

     B. TO HOLDER:       c/o Kuljeet Nijjar
                         Denfood 2, Inc.
                         18904 Secretariat Way
                         Yorba Linda, CA  92886

EXHIBIT "3"

Provided, however, that regular monthly payments on the Note may be sent via prepaid first class mail, with Maker to bear the burden of proof that any such payments were timely made, and the addresses above  may be changed upon five (5) days written notice thereof similarly given to the other party.  Such notice, demand, request, consent and any other instrument shall have been deemed to have been served on the third (3rd) day following the date of mailing.

4.  **LATE PAYMENT FEE.**  If payment is received by Holder more than ten (10) days after the due date, Maker shall pay a late payment penalty fee of five percent (5%) of the monthly installment.

5.  **ACCELERATION UPON DEFAULT.**  In the event any payments required by this Promissory Note are not paid when due and remain unpaid after a date specified by a notice to Maker, or in the event Maker violates any of the terms and conditions of the Sublease of even date herewith between the parties hereto, and such default remains uncured after a date specified by a notice to Maker, then the whole sum of both principal and interest shall become due and payable at once without further notice at the option of the Holder hereof.  The date specified shall not be less than thirty (30) days from the date the notice is given to Maker.  Failure to exercise this option shall not constitute a waiver of the right to exercise same at any time Maker is in default.

6.  **DEFAULT RATE.**  If default be made in the payment of any installment when due, then, at the option of the Holder of the Promissory Note, without prior notice, time being of the essence hereof, the Promissory Note shall bear interest at twelve percent (12%) for so long as said Note is in default.

7.  **DUE ON SALE.**  If all or any part of the Denny's #7211 business or the Maker or any interest therein or in the Lease is sold or transferred without Holder's prior written consent, Holder may, at Holder's option, require immediate payment in full of all sums owed to Holder under the terms of this Note.

8.  **COLLECTION COSTS AND ATTORNEY'S FEES.**  Maker promises to pay all costs and fees incurred by the Holder in the event payment is not made when due.  In the event an action is instituted over a dispute arising over the terms or conditions of this Note, the prevailing party shall be entitled to a reasonable sum as attorney's fees, in addition to any other remedies.

9.  **VENUE.**  Venue of any action hereunder shall be the State of California.

10.  **EXTENSION NO IMPAIRMENT.**  Maker (and any Guarantor) expressly agrees that if this Promissory Note or any payment due hereunder is extended, any such extension shall in no way impair the liability of Maker.

11.  **SECURITY.**  This Note shall be secured by a UCC filing in the FF&E at the business location of Denny's #7211 601 Long Beach Blvd., Long Beach, CA  90802.

12.  **GUARANTEE.**  This Note is guaranteed by the Maker's principals pursuant to the Guaranty

Page 2 of 3                     Promissory Note $1,000,000 Denfood #2, Inc.                Maker

                                                                                          Holder

EXHIBIT "3"

contained herein.

**MAKER:**

Insub Chung, as Secretary          By: _____
Beach Dans, Inc.
11 Alaska                          Date: _1/30/2015_
Irvine, CA  92606


**THE UNDERSIGNED HEREBY GUARANTEE THE FULL PAYMENT OF THIS NOTE
ACCORDING TO ITS TERMS.**

**GUARANTORS:**

In Sub Chung, an individual        x _____
11 Alaska
Irvine, CA  92606                  Date: _1/30/2015_


Peter Yoon, an individual          x _____
Address here
Los Angeles, CA 90006              Date: _____


**APPROVED BY HOLDER:**

Kuljeet Nijjar on behalf of        x _____
Denfood #2, Inc.
18904 Secretariat Way              Date: _____
Yorba Linda, CA 92886

EXHIBIT "3"

# EXHIBIT 4

# EXHIBIT 4

## COMMERCIAL PROMISSORY NOTE & SECURITY AGREEMENT

Long Beach, California                                    Date:  February      , 2015

**$75,000.00**

FOR VALUE RECEIVED, Beach Dans, Inc., ("Maker"), promises to pay to Denfood #2 Inc. ("Holder"), the principal sum of Seventy Five Thousand Dollars and No Cents ($75,000.00) in lawful money of the United States of America, on the following terms and conditions:

1.  **PAYMENT:** Monthly payments of principal and interest (at six percent (6%) per annum) amortized over Seven Years in the amount of One Thousand Ninety Five Dollars and Sixty-four Cents ($1,095.64) or more per month, are to be paid on the _____ day of every month beginning thirty days after Maker, or any successor to Maker, or affiliate of Maker has secured and executed additional lease term of any length for the Denny's restaurant located at 601 Long Beach Blvd., Long Beach, CA  90802.

    **Interest does not accrue until additional lease term is obtained. In the event no additional lease term is obtained, the entire balance of the note is forgiven.**

    **In the event additional lease term is obtained but the Denny's is permanently closed for business prior to the note being paid in full, the principal balance and unearned interest of the note as of the closing date  is forgiven.**

2.  **RIGHT OF PREPAYMENT.** Maker shall have the right to prepay the unpaid principal in whole or in part at any time without penalty.

3.  **NOTICES.** All notices, demands, requests, consents, approvals, and other instruments required or permitted to be given pursuant to the terms of the Promissory Note or the security agreement(s) or document(s) securing this Promissory Note shall be in writing and shall be deemed to have been properly given if sent by registered or certified mail, postage prepaid, return receipt requested, to the address set forth below:

    A.  TO MAKER:       c/o David Chang
                        Beach Dans, Inc.
                        25361 Playa Serena Dr.
                        Valencia, CA  91381

    B.  TO HOLDER:      c/o Kuljeet Nijjar
                        Denfood 2, Inc.
                        18904 Secretariat Way
                        Yorba Linda, CA  92886

Promissory Note $75,000 Denfood #2, Inc.                          Maker
                                                                                              Holder

EXHIBIT "4"

Provided, however, that regular monthly payments on the Note may be sent via prepaid first class mail, with Maker to bear the burden of proof that any such payments were timely made, and the addresses above may be changed upon five (5) days written notice thereof similarly given to the other party. Such notice, demand, request, consent and any other instrument shall have been deemed to have been served on the third (3rd) day following the date of mailing.

4.    **LATE PAYMENT FEE.** If payment is received by Holder more than ten (10) days after the due date, Maker shall pay a late payment penalty fee of five percent (5%) of the monthly installment.

5.    **ACCELERATION UPON DEFAULT.** In the event any payments required by this Promissory Note are not paid when due and remain unpaid after a date specified by a notice to Maker, or in the event Maker violates any of the terms and conditions of the Sublease of even date herewith between the parties hereto, and such default remains uncured after a date specified by a notice to Maker, then the whole sum of both principal and interest shall become due and payable at once without further notice at the option of the Holder hereof. The date specified shall not be less than thirty (30) days from the date the notice is given to Maker. Failure to exercise this option shall not constitute a waiver of the right to exercise same at any time Maker is in default.

6.    **DEFAULT RATE.** If default be made in the payment of any installment when due, then, at the option of the Holder of the Promissory Note, without prior notice, time being of the essence hereof, the Promissory Note shall bear interest at twelve percent (12%) for so long as said Note is in default.

7.    **DUE ON SALE.** If all or any part of the Denny's #7211 business or the Maker or any interest therein or in the Lease is sold or transferred without Holder's prior written consent, Holder may, at Holder's option, require immediate payment in full of all sums owed to Holder under the terms of this Note.

8.    **COLLECTION COSTS AND ATTORNEY'S FEES.** Maker promises to pay all costs and fees incurred by the Holder in the event payment is not made when due. In the event an action is instituted over a dispute arising over the terms or conditions of this Note, the prevailing party shall be entitled to a reasonable sum as attorney's fees, in addition to any other remedies.

9.    **VENUE.** Venue of any action hereunder shall be the State of California.

10.   **EXTENSION NO IMPAIRMENT.** Maker (and any Guarantor) expressly agrees that if this Promissory Note or any payment due hereunder is extended, any such extension shall in no way impair the liability of Maker.

11.   **SECURITY.** This Note shall be secured by a UCC filing in the FF&E at the business location of Denny's #7211 601 Long Beach Blvd., Long Beach, CA 90802, and shall be subordinate to a note in the amount of one million dollars to the same Holder.

Page 2 of 3                    Promissory Note $75,000 Denfood #2, Inc.                    Maker

Holder

12. **GUARANTEE.** This Note is guaranteed by the Maker's principals pursuant to the Guaranty contained herein.

**MAKER:**

Insub Chung, as Secretary
Beach Dans, Inc.
11 Alaska
Irvine, CA  92606

By: _____

Date: _1/30/2015_

**THE UNDERSIGNED HEREBY GUARANTEE THE FULL PAYMENT OF THIS NOTE ACCORDING TO ITS TERMS.**

**GUARANTORS:**

In Sub Chung, an individual
11 Alaska
Irvine, CA  92606

x _____

Date: _1/20/2015_

Peter Yoon, an individual
Address here
Los Angeles, CA 90006

x _____

Date: _2/1/15_

**APPROVED BY HOLDER:**

Kuljeet Nijjar on behalf of
Denfood #2, Inc.
18904 Secretariat Way
Yorba Linda,  CA 92886

x _____

Date: _____

Promissory Note $75,000 Denfood #2, Inc.

Maker

Holder

# EXHIBIT 5

# EXHIBIT 5

# EXHIBIT 5

# EXHIBIT 5

**Rob Goe**

| | |
|---|---|
| **From:** | Cathy Ta <Cathy.Ta@bbklaw.com> |
| **Sent:** | Thursday, November 02, 2017 11:19 AM |
| **To:** | Rob Goe |
| **Cc:** | Franklin Adams; Richard Egger |
| **Subject:** | Beach Dan's BK - Proposed Buyer Update |

Rob,

Per our clients DFO LLC and Denny's, Inc., Mr. Mohammad Hague is approved for expansion generally, however, Mr. Hague would have to go through their approval process before a final and specific determination can be made.

Cathy



**Cathy Ta**
**Of Counsel**
cathy.ta@bbklaw.com
T: (951) 826-8316  C: (213) 379-0830
www.BBKlaw.com

This email and any files or attachments transmitted with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you may have received this communication in error, please advise the sender via reply email and immediately delete the email you received.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER (1) APPROVING SALE OF BUSINESS PURSUANT TO § 363(B), (2) APPROVING SALE FREE AND CLEAR OF LIENS PURSUANT § 363(F)(4), (3) FINDING BUYER TO BE A GOOD FAITH PURCHASER PURSUANT TO § 363(M), AND (4) WAIVING OF RULE 6004(H) 14-DAY STAY; MEMORANDUM OF POINTS AND  AUTHORITIES AND DECLARATIONS OF PETER YOON, ROBERT P. GOE, AND MOHAMMED HAQUE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 10, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Alvin Mar    alvin.mar@usdoj.gov
- Charity J Miller    cmiller@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;lisa.spencer@bbklaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) November 10, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**:
(state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 10, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Ernest Robles, USBC, 255 East Temple Street, Los Angeles, CA 90012

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 10, 2017 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

**TO BE SERVED BY UNITED STATES MAIL:**

2

3    **In re Beach Dans, Inc.**          **Debtor**                          **United States Trustee**
     **USBC Case No. 2:17-bk-**          Beach Dans, Inc.                    United States Trustee
4    **22786-WB**                        601 Long Beach Blvd.                915 Wilshire Blvd., 10th Floor
                                         Long Beach, CA 90802                Los Angeles, CA 90017

5

6                                        **CREDITORS**

7

8    California Dept. of Tax & Fee
     Admin
9    fka State Board of Equalization     California Owl                      Chick
     Account Information Group,          600 N 1st Street                    c/o Norm Rasmussen
10   MIC: 29                             Burbank, CA 91502                   11 Golden Shore
     P.O. Box 942879                                                        Long Beach, CA 90802
11   Sacramento, CA 94279-0029

12   David Chang                         Denfood #2, Inc.                    DFO, LLC/Denny's Inc.
     23561 Playa Serena Drive           Attn Kuljet Nijjar                  203 E. Main Street
13   Stevenson Ranch, CA 91381          18904 Secretariat Way               Spartanburg, SC 29313
                                         Yorba Linda, CA 92886-2672
14

15   Employment Development
     Department                          Insub Chung                        Internal Revenue Service
16   Bankruptcy Group MIC 92E           11 Alaska                           PO Box 7346
     PO Box 826880                       Irvine, CA 92606                    Philadelphia, PA 19101-7346
     Sacramento, CA 94230
17

18   KHC Capital, Inc.                   Kuljeet Nijjar                     Michael D. Steinberg, Esq.
     25361 Playa Serena Drive           Denfood 2, Inc.                     Tisdale & Nicholson, LLP
19   Stevenson Ranch, CA 91381          18904 Secretariat Way               2029 Century Park East
                                         Yorba Linda, CA 92886               Suite 900
                                                                            Los Angeles, CA 90067
20

21   National Franchise Sales                                               Richard Mauricio
     1601 Dave Street                    Peter Yoon                         c/o Law Ofc of Carlin & Buchsbaum
22   Suite 150                           601 Long Beach Blvd.                Gary R. Carlin, Esq.
     Newport Beach, CA 92660-           Long Beach, CA 90802                 555 East Ocean Blvd., #818
23   1420                                                                   Long Beach, CA 90802

24   Steve Kim                           Timothy C Tucker                   United Community Bank
     239 La Cienega Blvd. #103          c/o Norm Rasmussen                  2 W Washington Street
25   Beverly Hills, CA 90211            11 Golden Shore                     Suite 700
                                         Long Beach, CA 90802                Greenville, SC 29601-4889
26

27

28

                                         15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Request for Notice**
Bub-Joo S. Lee, Esq.
Lee Anav Chung et al.
The Biltmore Court Building
520 S Grand Ave #1070
Los Angeles, CA 90071-2613

**Address on POC #3**
Los Angeles County Treasurer
& Tax Collector
PO Box 54110
Los Angeles, CA 90054